JOHN J. RAYNER *vs.* HAZEN WHICHER.

The assignee of an insolvent debtor cannot inquire into the validity of a sale by the debtor of articles which were exempt from attachment; but if the debtor has made a conveyance of materials and stock, originally designed and procured by him and necessary for carrying on his trade or business, and intended to be used therein, the assignee may avoid the conveyance, if made and received with intent to defraud creditors.

A sewing machine of less than one hundred dollars in value, and necessary for carrying on the trade or business of the debtor, may be exempt from attachment, under Gen. Sts. *c.* 133, § 32, although the debtor owns another sewing machine which is exempt under *St.* 1860, *c.* 65.

The assignee of an insolvent debtor cannot maintain an action to recover the value of goods sold and delivered under a fraudulent conveyance to the defendant, if the same were not retained by the latter, but were returned to the debtor, who, before the time of the first publication of the notice of the issuing of the warrant in insolvency, sold them as his own to another person.

TORT brought by the assignee of C. D. Hawkins, an insolvent debtor, to recover the value of certain goods sold by Hawkins to the defendant for the purpose of defrauding creditors.

A trial by jury was waived in the superior court, and the **case**

was heard before *Russell*, J., who found that the defendant pur-chased the goods in question from Hawkins on the 7th of May 1861, giving his note for them; that on the same day he signed a petition in insolvency, which was filed on the day following, and a warrant issued and the plaintiff was duly chosen assignee of his estate; that Hawkins at the time of the sale was insolvent and in contemplation of insolvency, and the sale was made with a fraudulent intent, and the defendant had reasonable cause to believe both of these facts; and that the defendant took posses-sion of the property immediately after the sale.

It further appeared that a portion of the property sold con-sisted of a quantity of shoe uppers, bound and ready to be made up, and that, before the appointment of the assignee, Hawkins, with the defendant's consent, took the same, procured soles and other necessary stock for them, and had them made and sent for sale to one Putnam, who held them or the proceeds of them at the time of the commencement of this suit, and of whom the plain-tiff had claimed the same. It also appeared that two sewing ma-chines were included in the sale to the defendant. The defendant contended that one sewing machine was expressly exempt by *St.* 1860, *c.* 65, and that the other should be included under the name of tools and machinery, under Gen. Sts. *c.* 133, § 32; that the shoe uppers, and certain kid skins, linings and rubber gor-ings, which were included in the sale, were materials and stock, designed and procured by Hawkins, and necessary for carrying on his trade or business, and intended to be used therein, and were therefore exempt from attachment to the value of $100; that the defendant could be held liable only for property in his hands at the date of the suit, unless the plaintiff should show a conversion before that time, and not for property taken by the insolvent before that time, or for property which was exempt by statute, or for the shoe uppers, under the circumstances stated. The judge held that some of the articles sold were not under any statute exempt, that the materials were not exempt, as con-tended by the defendant, that the defendant could not under such a sale avail himself of any right of exemption which Haw-kins might have had in a part of the property sold, and that, as

the defendant had taken possession of the property sold, he was liable to the plaintiff for its value ; and ordered judgment for the plaintiff accordingly.

The defendant alleged exceptions.

*W. P. Harding*, for the defendant.

*E. Avery*, for the plaintiff.

DEWEY, J. 1. The defendant might, as to any specific articles of personal property which, by Gen. Sts. *c.* 133, were exempted from attachment and levy of execution, avail himself of such exemption as a legal defence to an action by the assignee of the vendor claiming the right to avoid such sale as fraudulent, as respects the creditor of the vendor. Such property does not pass to the assignee, and as the representative of the creditors, he has no legal interest or authority to call in question the *bona fide* character of the sale.

2. The *St.* of 1860, *c.* 65, has specifically exempted one sewing machine of a value not exceeding one hundred dollars, in addition to the property that was exempted by Gen. Sts. *c.* 133 ; and as to this, the title of the vendee is well maintained.

3. The second sewing machine owned by the debtor may also be embraced under the clause of " tools, implements and fixtures " exempted to the amount of one hundred dollars, by Gen. Sts. *c.* 133, § 32, if it be made to appear that the same was necessary for carrying on the trade and business of the debtor, and that the whole value of such tools, implements and fixtures, claimed as exempt under the statute, did not exceed one hundred dollars. See *Dowling* v. *Clark*, 1 Allen, 283.

4. By a further provision in Gen. Sts. *c.* 133, § 32, materials and stock designed and procured by a debtor, and necessary for carrying on his trade and business, and intended to be used and wrought therein not exceeding one hundred dollars in value, are exempt from attachment. As to this class of articles an essential element in their exemption from attachment is, that they are goods intended by the debtor to be used in carrying on his trade and business. If therefore it appears that the debtor having such stock or materials designed and procured for carrying on his trade and business, the entire value of which exceeds one

hundred dollars, changes his purpose to use the same in his business, and determines to sell the same, and does in fact sell the same to a third person, such bargain being made to defraud creditors, and this purpose being participated in by the vendee, the conveyance gives no title to the purchaser, and the same may be claimed and held by the assignee, in an action against the purchaser. *Stevenson* v. *White*, 5 Allen, 148. The right of the assignee to recover for the kid skins, linings, rubber gorings and shoe uppers, articles alleged to be exempt as stock and materials, may be sustained under the rule of law above stated, if the same are held by a sale made under such circumstances.

5. As to any articles embraced in the sale to the defendant, which are shown to have been returned to the possession and disposal of the debtor and by him disposed of as his own to another person, before the time of the first publication of the notice of the issuing of the warrant in insolvency by the vendor, the defendant would not be responsible therefor.

The case is to be further heard and settled upon the principles of law above stated. *Exceptions sustained*